JOHN BETJEMANN, Respondent, v. MARY E. BROOKS, Appellant.

*Evidence — when a witness cannot testify to what person he mentally gave credit for goods sold.*

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

The court at General Term said : " In this controversy the plaintiff sought to make the defendant responsible for groceries sold to different persons, on the assumption that each was her agent duly authorized to carry on the business of a boarding-house keeper by her and on her account on premises which she owned. The evidence by which these agencies were sought to be established consists of a series of facts and circumstances woven together, none of which show any direct communication between the plaintiff and the defendant on the subject. The superstructure rests upon acts of the defendant's son, William L. Brooks, who was her agent or attorney for the general management of her estate under a written power of attorney, which does not suggest such a business. * * * The chief issue was, to whom the plaintiff charged the goods — upon whose credit they were sold — and this was a legal conclusion to be drawn from all the facts and circumstances disclosed. The plaintiff had admitted, while under examination, that he did not know the defendant personally and had never seen her, and that he did not know her son William L. Brooks personally, and had not received any orders from him personally for groceries; and therefore, as suggested, the establishment of the defendant's responsibility depended upon facts and circumstances. After the defendant rested the plaintiff was recalled and asked, under proper objection and exception, the following question : ' In delivering the goods which were delivered during the administration of Mrs. Clapp, did you give the credit to Mrs. Clapp personally or to Mrs. Brooks?" to which the plaintiff answered, 'On paper?' And then followed the question: ' Not on paper, but in your mind?' to which the plaintiff responded, ' Mrs. Brooks.' And this question was repeated as to the goods furnished the other alleged agents, and allowed under objection and exception.

" This was an error. It has been so declared by two cases in the court of last resort. (*Nichols* v. *The Kingdom Iron Ore Co. of Lake Champlain*, 56 N. Y., 618; *Merritt* v. *Briggs*, 57 id., 651.) In the former case the question was whether machinery alleged to have been sold to the defendant was purchased by him or one Colt. The witness who set up the machinery was asked, 'For whom did you set up that machinery, as you supposed?' That was objected to and answered, but was held to be error.

" The plaintiff was a witness on his own behalf in that case and was asked whether he asked Colt for the payment of the bill as his debtor. This was objected to as calling for a construction of what was said and not the language, and an answer having been allowed, it was held to be error. In the latter case the defendant gave evidence tending to show that he purchased the cattle alleged to have been bought by him as a broker for one Hall and upon his credit, the plaintiff knowing his agency. He was a witness on his own behalf and asked this question: 'State on whose credit the cattle were bought?' It was held that the question was incompetent, for it called for the defendant's conclusion or opinion, but that the objection taken was insufficient to make the exception available."

*William F. MacRae*, for the appellant.

*Edward P. Wilder*, for the respondent.

Opinion by Brady, J.

Davis, P. J., and Daniels, J., concurred in the result.

Judgment reversed, new trial ordered, costs to abide event.